## JOURGENSEN, Plff.,

*v.*

## RODRIGUEZ ET AL., Dfts.

---

San Juan, Law, No. 1066.

LIABILITY FOR AUTOMOBILE DRIVER.

Negligence—Joinder of ·Causes of Action.
> The chauffeur and the owner of an automobile may be joined as defendants in an action for damages caused by the negligent driving of the automobile by the chauffeur.

Opinion filed July 15, 1915.

---

*Messrs. Willis Sweet* and *Jos. Anderson, Jr.,* for plaintiff.

*Mr. Miguel Guerra* for defendants.

HAMILTON, Judge, delivered the following opinion:

There appear to be several complaints, original and amended, in the file, and also several demurrers. By agreement of par-

ties, however, in open court the demurrers of May 6 are confessed to the amended complaint of April 26 so far as relate to misjoinder of parties and causes of action. Plaintiff has amended to meet the agreement, and on May 10, 1915, filed an amended complaint. The demurrers, except as confessed, are to be considered as refiled to this amended complaint.

1. The first ground of demurrer (the one numbered 4 by Rodriguez) left for consideration is that the damages claimed by plaintiff for loss of employment and opportunity of advancement are too remote. The complaint, however, alleges that because of the injuries received by reason of the negligence of the defendants, plaintiff has lost his employment and suffered other damages amounting to $2,500. The allegation of cause and result does not seem to be remote, and nothing is said of the opportunity for advancement. The demurrer therefore is overruled.

2. The demurrer filed by Montaña sets up that there is a misjoinder of parties defendant in that defendant Montaña, the chauffeur, is improperly joined with the owner Rodriguez, in that the theory of responsibilities is different, that Montaña, if liable at all, is liable for his own act, while defendant Rodriguez, if liable at all, is liable for negligence for employing an unskilful driver; to wit, Montaña. The situation is anomalous, but the principle has been established in this court that employer and employee can be joined where the employer is liable on account of the acts of the employee. Dawes v. McCormick, 7 Porto Rico Fed. Rep. 362, Dec. 7, 1914. As the liability sued on arises in both instances out of the same accident, it would seem that the two defendants can be joined. Their responsibility is for the same accident, although their relation

to that accident may be different, and the demurrer is therefore overruled.

It is so ordered.